UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ROBERT BATES,

        Plaintiff,           Civil Action No. 15-10109
                                           Honorable Patrick J. Duggan
v.                                             Magistrate Judge Elizabeth A. Stafford

OBELL WINN, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT AS TO OBELL WINN [R. 29]**

Plaintiff James Robert Bates, a state prisoner proceeding *pro se,* filed his complaint under 42 U.S.C. § 1983 against Obell Winn, among others, for violation of his Eight Amendment rights. [R. 1]. The Honorable Patrick J. Duggan referred the case to this Court to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Before the Court is Bates's motion for default judgment as to Winn for "failure to answer or otherwise defend…." [R. 29, PgID 185]. The motion lacks merit.

The usual procedural rules for answering complaints do not apply in § 1983 actions. *Jones v. Bock*, 549 U.S. 199, 200 (2007). Specifically, pursuant to 42 U.S.C. § 1997e(g)(1), a defendant may waive the right to reply to an action brought by a prisoner under § 1983, and such waiver

does not constitute an admission of the allegations pleaded in the complaint. In such cases "[n]o relief shall be granted to the plaintiff unless a reply has been filed" by the defendant. § 1997e(g)(1). Moreover, contrary to Bates's contention, Winn is defending this action; he filed a timely motion for summary judgment. [*See* R. 24]. Therefore, the Court **RECOMMENDS DENYING** Bates's motion for default judgment [R. 29].

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: June 8, 2015

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection

must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 8, 2015.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager