UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ROBERT BATES,

Plaintiff,

v.

OBELL WINN, et al.,

Defendants.
_______________________________/

Civil Action No. 15-10109
Honorable Patrick J. Duggan
Magistrate Judge Elizabeth A. Stafford

**ORDER DENYING PLAINTIFF'S**
**MOTION TO APPOINT COUNSEL [R. 19]**

Plaintiff James Robert Bates, a state prisoner proceeding *pro se,* filed his complaint under 42 U.S.C. § 1983 against several individuals for violation of his Eighth Amendment rights. [R. 1]. The Honorable Patrick J. Duggan referred the case to this Court to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Before the Court is Bates's motion to appoint counsel. [R. 19]. He says the Court should appoint counsel because he has limited knowledge of the law, the case involves complex issues, he is unable to afford counsel, and he wrote several attorneys without receiving a response. [*Id.*, PgID 109].

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of

counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). In making this determination, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the legal and factual issues, and whether the claims are frivolous or have a small likelihood of success. *Id.* Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

Considering the relevant factors, the Court finds that Bates does not show exceptional circumstances that merit the appointment of counsel at this juncture. The factual issues in Bates's complaint are relatively straightforward, and the legal issues raised in his Eighth Amendment claims for deliberate indifference to his medical needs and for failure to protect are not overly complex. Moreover, a review of Bates's complaint and his briefs in response to Defendants' dispositive motions demonstrate that he understands the nature of his claims and that he has adequate access to the court. Bates's blanket assertion that he has limited knowledge of the law does not constitute an exceptional circumstance to

justify his request for appointment of counsel, as the same is true for the majority of *pro se* prisoner litigants. The Court will not appoint counsel at this time.

Bates's motion to appoint counsel [R. 19] is **DENIED WITHOUT PREJUDICE**.

**IT IS ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 19, 2015

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1). Unless ordered otherwise by the Court, the filing of an appeal to the District Judge does not stay the parties' obligations in this Order. *See* E.D. Mich. LR 72.2.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 19, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager