UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BATES #337711,

                Plaintiff,        Civil Action No.: 15-10109
                                    Honorable Patrick J. Duggan
v.                           Magistrate Judge Elizabeth A. Stafford

O'BELL WINN, *et al.*,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
ROTH AND WINN'S MOTIONS FOR SUMMARY JUDGMENT [R. 13, 24]**

## I.   INTRODUCTION

     Plaintiff James Bates, a prisoner proceeding *pro se*, filed the instant

complaint against defendant James Roth, an inspector with the Michigan

Department of Corrections, and defendant O'Bell Winn, acting warden of

the Saginaw Correctional Facility, alleging violation of his Eighth

Amendment rights related to Defendants' failure to protect him from a

known assailant.  Defendants individually moved for summary judgment on

Bates's complaint, both arguing that he failed to exhaust his administrative

remedies prior to filing suit.[1]  For the following reasons, the Court

**RECOMMENDS** granting Defendants' respective motions **[R. 13, 24]**.

## II.   LEGAL STANDARD

A prisoner bringing an action with respect to prison conditions under

42 U.S.C. § 1983 must exhaust all "available" administrative remedies.  42

U.S.C. § 1997e(a).  *See Jones v. Bock*, 549 U.S. 199, 218-20 (2007);

*Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731

(2001).  Requiring exhaustion allows prison officials an opportunity to

resolve disputes concerning the exercise of their responsibilities before

being haled into court and produces a useful administrative record.  *Jones*,

549 U.S. at 204.

The PLRA requires "proper exhaustion," *Woodford v. Ngo*, 548 U.S.

81, 93 (2006), but the Act does not define what "proper exhaustion" entails.

"The level of detail necessary in a grievance to comply with the grievance

procedures will vary from system to system and claim to claim, but it is the

prison's requirements, and not the PLRA, that define the boundaries of

proper exhaustion." *Jones*, 549 U.S. at 218.

---

[1] Bates filed a request that Winn's motion be denied as his counsel, who also represents Roth, did not seek leave to file a second motion for summary judgment as required by Local Rule 7.1(b)(2).  However, this requirement applies to individual parties, not counsel.  *Id.*  This is Winn's first motion for summary judgment, and thus no violation of the Local Rules occurred.

Although the Sixth Circuit has not addressed the issue specifically, the Court appears to support the use of a summary judgment motion to resolve an exhaustion dispute.  *See*, *e.g.*, *Surles v. Andison*, 678 F.3d 452 (6th Cir. 2012) (reviewing district court's decision granting summary judgment for failure to exhaust administrative remedies under the PLRA); *Risher v. Lappin*, 639 F.3d 236 (6th Cir. 2011) (same).  The majority of Circuit Courts that have addressed the issue – i.e., the Second, Third, Fifth, Seventh, and Ninth Circuits – hold that a motion for summary judgment is the proper procedure to decide exhaustion.  *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (*en banc*) (collecting cases).

"Summary judgment is appropriate only if defendants establish the absence of a genuine dispute as to any material fact regarding non-exhaustion." *Surles*, 678 F.3d at 456 (citation and quotation marks omitted).  If judgment is entered against Bates because of a failure to exhaust administrative remedies, the judgment will not be on the merits, so dismissal of the case should be without prejudice.  *Boyd v. Corr. Corp. of America*, 380 F.3d 989, 994 (6th Cir. 2004); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

3

### III.   ANALYSIS

Defendants argue that Bates failed to exhaust his administrative remedies, as he did not await a decision on his Step III grievance appeal prior to filing suit.  Winn further argues that Bates did not properly identify him in his step one grievance.  The Court finds that Bates did not properly exhaust, and thus does not address Winn's alternative argument.

The Michigan Department of Corrections ("MDOC") Policy Directive 03.02.130 sets forth a three-step procedure prisoners must follow in order to exhaust grievances.  *See* Policy Directive 03.02.130 (effective July 9, 2007).[2]  First, the prisoner must attempt to resolve the problem with the allegedly offending staff member within two business days of becoming aware of the grievable issue, unless prevented from doing so by circumstances beyond his or her control.  *Id.* at ¶ P.  If the prisoner is unable to resolve the issue, he or she has five business days to file a Step I grievance with the grievance coordinator.  *Id.* at ¶¶ P and R.  The prison officials then have 15 business days to respond to the grievance.  *Id.* at ¶ X

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he or she has ten business days to submit a

---

[2] The Policy Directive is available at:
https://www.michigan.gov/documents/corrections/03_02_130_200872_7.pdf

4

Step II grievance appeal.  *Id.* at ¶ BB.  Again, prison officials have 15 business days to respond.  *Id.* at ¶ CC.  Finally, if the prisoner continues to be dissatisfied with the Step II response, or does not receive a timely response, he or she may within ten business days file a Step III grievance appeal.  *Id.* at ¶ FF.

Unlike the specific deadlines for prison staff to respond at the Step I and Step II stages, PD 03.02.130 contains no specific time frame for Prisoner Affairs to respond to a Step III grievance.  Instead, it notes that the "total grievance process from the point of filing a Step I grievance to providing a Step III response shall *generally* be completed within 120 calendar days unless an extension has been approved in writing by the Grievance Coordinator at Step I and/or Step II."  *Id.* at ¶ S (emphasis added).

Here, Bates's relevant Step III grievance was received by the grievance coordinator on September 26, 2014.  [R. 13-3, PgID 82; R. 20, PgID 113-15].  Bates filed suit on October 27, 2014.  [R. 1].  Bates alleges that his administrative remedies were exhausted upon the filing of his Step III grievance [R. 20, PgID 115], but that is not true.  In order to properly exhaust his remedies, he was required to await a response to his Step III grievance appeal so as to "allow[ ] the administrative process to be

completed" prior to filing suit. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). As Bates admittedly did not do so, his claims against Winn and Roth must be dismissed, without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that defendant Roth and Winn's respective motions for summary judgment **[R. 13, 24]** be **GRANTED** and that Bates's claims against them be **DISMISSED WITHOUT PREJUDICE**.


Dated:  September 1, 2015                s/Elizabeth A. Stafford
Detroit, Michigan                        ELIZABETH A. STAFFORD
                                         United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 1, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

7